IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: PATRICIA MARY HALKAS         :
_____

PATRICIA MARY HALKAS                :

    Appellant                       :

v.                                  : Civil Action No. 2006-2744

                                    :

NANCY SPENCER GRIGSBY               :

    Appellee                        :
                                    :

**MEMORANDUM OPINION**

Presently pending in this bankruptcy appeal is a motion by Nancy Spencer Grigsby, the Chapter 13 Trustee ("Trustee"), to dismiss the appeal filed by Patricia Mary Halkas ("Debtor") as moot. For the reasons that follow, the court will grant Trustee's motion and dismiss the appeal as moot, provided that Trustee files an affidavit or similar evidence confirming that all funds from Debtor's bankruptcy estate were paid to creditors on September 30, 2006.

**I. Background**

The following statement of facts is undisputed, except where noted. It presents only a partial summary of the facts of the case and focuses on the facts relevant to whether the controversy is moot. Debtor initially filed a Chapter 7 bankruptcy petition on November 2, 2001, and the case was converted to Chapter 13 in February 2002. A Chapter 13 plan was confirmed on July 1, 2002.

At that time, Debtor owned two residential properties, located in Germantown, Maryland and Laurel, Maryland.  The initial Chapter 13 plan called for debtor to retain both properties while making payments to her creditors.  Debtor consented to the sale of the property in Germantown in April 2003, and pursuant to an agreement between Debtor and Trustee, the proceeds of the sale were partially retained by Debtor, partially paid to Trustee for the benefit of creditors, and partially remitted to Debtor's former spouse, who had been a co-owner of the property before the sale.

Due to unexpected personal and financial hurdles encountered by Debtor, Debtor's Chapter 13 plan was modified in August 2004 to reduce the monthly payment required from Debtor.  In August 2005, a motion to dismiss by Trustee was pending because Debtor was not current on her payments under the plan.  Debtor moved to sell the property in Laurel, Maryland on August 30, 2005.  On October 31, 2005, the bankruptcy court ordered, as a condition of the sale, that all net sale proceeds be paid directly to Trustee and disbursed to pay creditors, up to the amount required to pay all claims against Debtor's bankruptcy estate.

After the sale had been completed and the proceeds of the sale paid to the Trustee, Debtor filed a motion contesting whether Trustee had the right to retain all proceeds of the sale.  The bankruptcy court denied this motion at a hearing on September 11, 2006, and a written order denying Debtor's motion was entered on

2

September 13, 2006.  Debtor filed a notice of appeal on September 25, 2006, and filed an emergency motion in the bankruptcy court to stay the disbursement of the sale proceeds.  Debtor's motion for stay was denied on Friday, September 29, 2006.

Trustee asserts that "[o]n or about September 30, 2006 [Trustee] . . . disbursed all remaining funds in the bankruptcy estate" pursuant to the bankruptcy court's October 31, 2005; September 13, 2006; and September 29, 2006 Orders.  (Paper 8, at 1).  Debtor asserts that she left a message with Trustee's counsel inquiring as to the status of the funds on October 2, 2006.  Debtor also contends that she faxed a letter to Trustee's counsel the next day repeating this inquiry and requesting that Trustee delay disbursement until the appeal pending before this court was decided.  Trustee replied by letter on October 4, 2006, indicating that the funds had been disbursed.  Trustee filed a notice of plan completion in the bankruptcy court on October 5, 2006, which provided:

> Please be advised that the above-captioned Chapter 13 plan has now been completed.  A discharge can now be granted by the Court under Section 1328 of the Bankruptcy Code.  The Trustee will proceed to close this case and file the "Final Report and Account" upon the clearing of all outstanding checks.

(Paper 1, Ex. 86).  The bankruptcy court granted Debtor a discharge the next day.

3

**II. Standard of Review**

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); *In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir.), *cert. denied*, 506 U.S. 866 (1992).

**III. Analysis**

Trustee argues that Debtor's appeal should be dismissed pursuant to the doctrine of equitable mootness, but notes that she does not believe the case to be constitutionally moot so as to deprive this court of jurisdiction. Because, however, the court's subject matter jurisdiction may be implicated, it is incumbent on the court to examine the issue in full: "A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion.'" *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Jurisdiction is an essential component necessary for ruling on the merits of any case:

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the

4

> cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868) . . . . The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

*Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 94-95 (1998). "Subject-matter jurisdiction . . . is an Article III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign." *Constantine*, 411 F.3d at 480 (quoting *Ins. Corp. of Ir., Ltd.*, 456 U.S. at 702) (internal quotation marks omitted). Further, "'no action of the parties can confer subject-matter jurisdiction upon a federal court,' and ordinary principles of consent, waiver, and estoppel do not apply." *Id.* (quoting *Ins. Corp. of Ir., Ltd.*, 456 U.S. at 702). Moreover, when a complaint is moot, it "cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004)) (internal quotation marks omitted), *cert. denied*, 126 S.Ct. 1318 (2006); *see also Lux v. White*, 99 F.App'x 490, No. 03-2051, 2004 WL 1238342 (4th Cir. June 7, 2004) (holding that a district court properly dismissed a claim on the grounds that it was moot, and therefore

5

there was no subject matter jurisdiction); *Mobley v. Acme Mkts., Inc.*, 473 F.Supp. 851, 858 (D.Md. 1979) ("mootness [is] derived from the Constitution, specifically Article III, which requires a 'case or controversy' as the fundamental ingredient of subject matter jurisdiction.").

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 277 (2000) (citation omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Id.* (citation omitted). However, "even the availability of a 'partial remedy' is 'sufficient to prevent [a] case from being moot.' *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)).

If Trustee paid out all of the funds from the sale of the property to nonparty creditors on September 30, 2006, or thereafter, the case would be moot, and this court would be without

6

subject matter jurisdiction to proceed.[1] Under similar circumstances, a debtor's appeal of a Chapter 7 bankruptcy distribution plan was deemed moot after a stay pending appeal was denied and the trustee had distributed all assets of the bankruptcy estate to creditors who were not parties to the appeal. *Carr v. King (In re Carr)*, 321 B.R. 702, 707 (E.D.Va. 2005). The *Carr* court reasoned that the appeal was moot because no relief could be fashioned on behalf of the debtor under those circumstances.

> [T]he orders Carr seeks to stay have already been carried out and all of the funds in the bankruptcy estate have already been disbursed. Thus, even were Carr to prevail on appeal, it would be impossible to accord him the relief he seeks, namely return of the distributed funds. This is so because the primary transferee . . . is not a party to this appeal. Thus . . . it would not be possible to grant effective relief by ordering the return of the disbursed funds because the only paid creditor of the estate cannot be ordered to return the funds.

*Id.* (citing *In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986); *Evergreen Int'l Airlines, Inc. v. Pan Am Corp (In re Pan Am Corp.)*, 1995 WL 366356 at *3 (S.D.N.Y. June 20, 1995)). This reasoning is persuasive, and applies with equal force to this case. Trustee asserts that all of the proceeds of the property sale have been paid to creditors pursuant to the bankruptcy court's Orders, and no creditors are parties to this appeal. It would be impossible to

---

[1] The bankruptcy court denied the stay motion on September 29, 2006, and Debtor has never sought, much less obtained, a stay from this court.

7

fashion any relief for Debtor even if she prevailed in this appeal, because the nonparty creditors could not be ordered to return funds they had received.[2]

Debtor argues that the case is not moot because, if she were to prevail on appeal, she could attempt to enforce a money judgment against Trustee for the distributed funds. Debtor cites no authority for a cause of action against a Trustee who paid out funds held in trust under a court order that was valid at the time but was later reversed on appeal. Instead, Debtor relies on two cases holding that the recipient of a judgment can be required to repay funds awarded to them if the judgment is later reversed. *Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1006-07 (9th Cir. 1993); *Haynes v. First United Bank*, 133 B.R. 783, 785 (N.D.Miss. 1991). This proposition does not support Debtor's argument that Debtor could recover funds from Trustee personally because Trustee

---

[2] Although the conclusion that this case is moot and no longer presents an Article III case or controversy deprives this court of jurisdiction, absent such a conclusion the doctrine of equitable mootness would likely also require dismissal. Equitable mootness mandates dismissal of an action, usually a bankruptcy appeal, when "with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes, not impossible, 'but impractical, imprudent, and therefore inequitable.'" *Carr*, 321 B.R. at 706 (quoting *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)). Equitable mootness is particularly applicable when "a party, seeking return to the status quo ante, sits idly by and permits intervening events to extinguish old rights and create new ones." *Mac Panel Co.*, 283 F.3d at 265. Debtor failed to move for a stay pending appeal before this court and Trustee asserts that all funds have been paid to third-party creditors, rendering relief impossible or at least impractical.

never held the proceeds of the sale for her own use and Trustee indicates that the funds were distributed pursuant to the bankruptcy court's Orders. Instead, the cited cases reinforce the conclusion that Debtor's appeal is moot. Mootness was avoided in both cases because the disputed funds were transferred to parties, rather than to nonparties. *Spirtos*, 992 F.2d at 1006-7; *Haynes*, 133 B.R. at 785-86. Indeed, both cases were cited in support of the *Carr* court's conclusion as "cases rejecting dismissal on mootness grounds where the transferees of the bankruptcy funds were still parties to the appeal." *Carr*, 321 B.R. at 708 n.15. In this case, however, Trustee indicates that the funds have been distributed to nonparties, and as such no relief would be available to Debtor if she prevailed on appeal.

Debtor also relies on an unpublished opinion in which the court concluded that an appeal by a debtor's attorney contesting an order granting him only part of his requested fee was not constitutionally moot. *Walker v. Grigsby*, No. AW-06-62, slip op. at 4 (D.Md. April 11, 2006). Because the Debtor and Trustee remained parties to the case and at least one creditor continued to be subject to the bankruptcy court's jurisdiction, the court reasoned that the attorney might have the ability to seek payment, if he succeeded on appeal, from the Debtor, the Trustee, or other creditors. *Id.* This case presents a different situation because Trustee alleges that she has paid out all available funds in the

9

bankruptcy estate to *nonparty* creditors pursuant to the bankruptcy court's Orders.

Debtor argues that Trustee has failed to substantiate with evidence her factual contention that funds were distributed to creditors on or about September 30, 2006. Fed.R.Civ.P. 43(e) requires that "[w]hen a motion is based on facts not appearing on the record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." Likewise, Fed.R.Bankr.P. 8011(a) provides for motions on a bankruptcy appeal accompanied by supporting affidavits or other evidence:

> A request for an order or other relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief with proof of service on all other parties to the appeal. The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought. If a motion is supported by briefs, affidavits or other papers, they shall be served and filed with the motion.

The record before the bankruptcy court does not reflect the details of the distributions Trustee contends were made that would render this case moot. The bankruptcy court granted Debtor a discharge (paper 1, Ex. 86), but did not make any finding of fact as to whether or when Trustee had disbursed funds paid to her. Trustee indicated in a letter sent to Debtor that the disbursements

10

were completed (paper 8, Ex. 1, attachment C), but has not filed an affidavit or other evidence explicitly describing any disbursement of funds from Debtor's bankruptcy estate.

**IV. Conclusion**

For the foregoing reasons, Trustee will be directed to produce evidence of the distributions within ten days. If adequate evidence is produced, this case will be dismissed as moot. A separate Order will follow.

                                                      /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge