IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: PATRICIA MARY HALKAS        :

---

PATRICIA MARY HALKAS               :

    Appellant                      :

v.                                 : Civil Action No. 2006-2744

                                   :

NANCY SPENCER GRIGSBY

                                   :

    Appellee

                                   :

**MEMORANDUM OPINION**

Presently pending in this bankruptcy appeal is a motion by Nancy Spencer Grigsby, the Chapter 13 Trustee ("Trustee"), to dismiss the appeal filed by Patricia Mary Halkas ("Debtor") as moot. For the reasons set out in the court's January 22, 2007 Memorandum Opinion (paper 14) and the reasons set forth below, Debtor's appeal will be dismissed as moot.

On January 22, 2007, the court observed that this appeal appeared to be moot because Trustee indicated that she had paid all of the disputed funds from a sale of Debtor's property to nonparty creditors and it would be impossible to reclaim the funds from nonparty creditors if Debtor prevailed on appeal. (Paper 14, at 6-10). A more complete statement of the facts of the case and the reasoning supporting the conclusion that the case is moot are set out in that Memorandum Opinion and need not be repeated. Debtor questioned whether payments to nonparty creditors had been

made as Trustee contended, and the court directed Trustee to "submit an affidavit or other evidence as to her alleged disbursement of funds to creditors from Debtor's bankruptcy estate on or about September 30, 2006." (Paper 15). Trustee filed an affidavit and accompanying financial records as proof of these transactions. Trustee indicates that:

> pursuant to the bankruptcy court's orders, I disbursed all funds on hand in this case on October 3, 2006 excepting the debtor's refund for overpayment. Although the disbursement took place on October 3, 2006, the physical checks were dated September 29, 2006 as this was the last business day of the month and also the last business day of the Trusteeship's 2006 fiscal year. At the time of disbursements, the authorized Trustee percentage fee was zero percent. As a result, no commission or trustee fee was taken on any disbursement made that day, which resulted in a higher debtor refund.
>   Further, I did not have a current address for the Debtor. Therefore, the Debtor's refund check was hand-delivered to counsel at a hearing before the bankruptcy court on January 5, 2007.
>   Accordingly, as of the date of this affidavit no funds remain [sic] my Trust account for bankruptcy case number 01-23321.

(Paper 17, Grigsby Aff., at 1-2). Trustee also submitted her financial records for this case, which indicate that payments were made to nonparty creditors dated September 29, 2006. (Paper 17, Ex. 1, at 4-6). Finally, Trustee submitted copies of the checks by which she paid the challenged funds over to nonparty creditors. (Paper 17, Ex. 2-12).

Debtor filed a supplemental response on February 5, 2007, insisting that Trustee's submission was insufficient to support a conclusion that this appeal is moot.  Debtor argues that Trustee's submissions are not admissible as evidence that she paid the funds to nonparty creditors.  Debtor also argues that this appeal is not moot because Debtor may have a cause of action against Trustee and because Trustee has collected fees totaling $1338.49 over the course of this bankruptcy case.  Finally, Debtor argues that if the appeal is dismissed, the bankruptcy court's Order should be vacated.

**I. Admissibility of Trustee's Evidence**

Debtor argues that Trustee's affidavit is inadmissible because it does not state that it is based on Trustee's personal knowledge. Debtor also argues that the checks and financial records submitted by Trustee are not admissible because they are hearsay statements and because they have not been adequately authenticated.

Pursuant to Fed.R.Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."  The statements in Trustee's affidavit concern whether she did or did not personally make certain payments from Debtor's trust account.  These statements are sufficient in

3

themselves to conclude that they are based on Trustee's personal knowledge.

Debtor also contends that Trustee's financial records and checks are inadmissible hearsay statements and should not be considered in determining whether this appeal is moot. An exception to hearsay is available, pursuant to Fed.R.Evid. 803(6), for the admission of:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Trustee's financial records are admissible under this exception. Trustee indicates in her affidavit that "a certified copy of my financial accounting record has been attached to this affidavit as Exhibit One." (Paper 17, Grigsby Aff., at 2). Trustee has not explicitly stated that this financial record was kept in the course of her business as a trustee, or that it was her regular practice to keep such records, however, it is clear from the face of the financial report and from Trustee's affidavit that this financial record constitutes an ordinary practice in tracking her receipts

4

and disbursements for bankruptcy trust accounts.  The blacked out entries for other bankruptcy debtors on the memoranda accompanying the individual checks also evince the regularity of Trustee's record keeping.

Debtor also asserts that Trustee has not laid a sufficient foundation for the authenticity of the records she submitted as exhibits to her affidavit.  In general, Fed.R.Evid. 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed.R.Evid. 901(b) provides illustrations of sufficient evidence to authenticate evidence.  The first illustration provided by Fed.R.Evid. 901(b)(1) is "[t]estimony of [a] witness with knowledge . . . that a matter is what it is claimed to be."  In addition, regularly kept records are self-authenticating without additional evidence, pursuant to Fed.R.Evid. 902(12):

> "The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

5

          (B) was kept in the course of the regularly conducted activity; and
          (C) was made by the regularly conducted activity as a regular practice.

Trustee's affidavit describes the financial records as "certified" (paper 17, Grigsby Aff., at 2), and the first page of the financial record (paper 17, Ex. 1) includes a certification, signed by Trustee and dated January 23, 2007: "I hereby Certify that this is a true and correct copy of the Chapter 13 Trustee financial accounting record for bankruptcy case no. 01-23321 Patricia Mary Halkas." (Paper 17, Ex. 1, at 1). While this certification does not contain all of the formal requirements for self-authentication under Fed.R.Evid. 902(12), Trustee's statement in her affidavit that this is a true and correct copy of her records, especially viewed in light of this certification, establishes, under Fed.R.Evid. 901(a)&(b)(1), that Trustee's financial records are what they purport to be.

**II.  Debtor's Potential Claims Against Trustee**

Debtor also argues that this appeal is not moot because Trustee has retained fees from Debtor's bankruptcy trust fund and because Debtor may be able to bring a cause of action against Trustee for damages for bad faith or unauthorized distribution of funds from Debtor's bankruptcy estate.  The records submitted by Trustee indicate that a total of $1338.49 in fees were paid from Debtor's bankruptcy trust account to Trustee's own accounts over the course of the bankruptcy proceeding.  (Paper 17, Ex. 1, at 4).

Trustee stated in her affidavit that no fee was deducted from the proceeds of the sale of Debtor's residence (paper 17, Grigsby Aff., at 2), and no trustee fee is indicated as having been paid between September 29, 2006 and October 3, 2006 (paper 17, Ex. 1, at 4). The only fee Trustee has collected since September 2004 was a fee of $152.40, paid on October 31, 2006, after the challenged disbursements had been made.  Debtor argues that this fee payment must have been made from funds attributable to the sale of Debtor's residence.

Debtor also argues that she may have a cause of action for damages against Trustee for unauthorized or bad faith disbursement of funds from Debtor's bankruptcy trust account.  Debtor reasons that this court cannot decide whether such a cause of action exists for the first time on appeal, because the issue was never raised before the bankruptcy court.  Therefore, Debtor contends, this appeal must go forward in case any cause of action for damages is later brought against Trustee by Debtor.

While the availability of even a partial remedy prevents a case from being moot, *Calderon v. Moore*, 518 U.S. 149, 150 (1996), Debtor would not have even a partial remedy if she prevailed on appeal.  Debtor does not challenge, in this appeal, the Trustee's authority to collect fees or the propriety of any of the fees collected by Trustee in this case.  She also does not raise any claim for money damages against Trustee for unauthorized or bad

faith disbursement of funds from Debtor's trust account. *See* Fed.R.Bankr.P. 8001 (limiting scope of appeal to the timely challenged order, judgment, or decree of the bankruptcy court). None of these issues were raised by the bankruptcy court Order that Debtor challenges. That Order denied Debtor's motion for a determination as to whether Debtor had a right to the funds paid to Trustee from the sale of Debtor's prior residence. (Paper 1, Exs. 62, 78). The authorization or propriety of any fee collected by Trustee is not properly before this court, and the court must assume that these fees have been properly collected by Trustee. The only relief Debtor sought before the bankruptcy court in the proceeding now before this court was an order clarifying that Trustee could retain only $9223 of the proceeds of the sale of the property to benefit creditors. (Paper 17, Grigsby Aff., at 1-2). No challenge to the propriety of Trustee's actions in disbursing payments to creditors is before this court as part of this appeal. The possibility that such a claim will be brought in the future is insufficient to prevent this appeal from being moot.

Debtor argues that this case is similar to *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9 (1978). In that case, the plaintiffs had sought injunctive relief and damages related to a metering dispute. The injunctive relief claim had become moot pending appeal to the Supreme Court of the United States, but the damages claim was not moot, and the case was allowed to proceed as

to the plaintiffs' claims for damages.  *Id.*  Debtor, however, has not asserted any claim for a refund of Trustee's fees, or any claim for damages against Trustee for unauthorized or bad faith payments from the trust account.  In any event, no such claim has been pursued on appeal before this court, and the only claim Debtor has preserved for this appeal is moot.  The pool of funds as to which she seeks a determination of her rights have already been distributed and cannot be recovered.  Recovery from nonparty creditors is impossible because they are beyond the court's jurisdiction, and recovery from Trustee is not possible because Plaintiff has not challenged or preserved for appeal the propriety or authorization of Trustee's fees and has not asserted a cause of action for damages against Trustee.

**III. Status of the Bankruptcy Court's Order**

Debtor finally argues that if this appeal is dismissed as moot, the bankruptcy court's Order should be vacated because Debtor has not had a full and fair opportunity to challenge that order on appeal.  Debtor relies on *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), which recites the general proposition that:

> When a civil case becomes moot pending appellate adjudication, "[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Vacatur "clears the path for future

> relitigation" by eliminating a judgment the loser was stopped from opposing on direct review. *Id.*, at 40, 71 S.Ct., at 107. Vacatur is in order when mootness occurs through happenstance-circumstances not attributable to the parties-or, relevant here, the "unilateral action of the party who prevailed in the lower court." *U.S. Bancorp Mortgage Co.* [*v. Bonner Mall P'ship*], 513 U.S. [18], at 23, 115 S.Ct., at 390; *cf. id.*, at 29, 115 S.Ct., at 393 ("mootness by reason of settlement [ordinarily] does not justify vacatur of a judgment under review").

*Id.* at 71-72.

In *Arizonans*, a state employee had challenged a ballot initiative requiring state employees to use only English while performing official functions. *Id.* at 49-50. The employee won an injunction against enforcement of the law before the district court, but resigned from her position while the case was pending on appeal. *Id.* at 59-60. Thus, the state employee was no longer attempting to achieve the results she initially sought in the case, and the order appealed from no longer had meaning for the parties. In this case, however, the appeal from the bankruptcy court's Order is moot, not because it can no longer be carried out, but because it has already been fully implemented. To the extent that Debtor had a hand in allowing the case to become moot by failing to move for a stay in this court, this factor also weighs against vacating the bankruptcy court's Order. *U.S. Bancorp Mortgage Co.*, 513 U.S. at 23-24. Because the bankruptcy court's Order has been fully

10

implemented and this court is now powerless to reverse the consequences of that Order, vacatur is inappropriate.

**IV.  Conclusion**

As stated in the court's January 22, 2007 Memorandum Opinion, the facts of this case are analogous to those of *Carr v. King (In re Carr)*, 321 B.R. 702, 707 (E.D.Va. 2005), in which the court concluded that the appeal was moot.  For the reasons set out in *Carr* and the January 22, 2007 Memorandum Opinion, and for the reasons set forth above, Trustee's motion to dismiss the appeal as moot will be granted, and Debtor's appeal will be dismissed.  A separate Order will follow.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge